THE PEOPLE v. MARTÍNEZ.

APPEAL from the District Court of San Juan.

No. 260.—Decided October 31, 1910.

APPEAL—EVIDENCE—CONTRADICTORY TESTIMONY—VERDICT.—Where the testimony of witnesses is contradictory, the appellate court will not annul the verdict of the jury, unless it be shown that in the consideration of the evidence it was actuated by passion, prejudice, or partiality, or that it committed an injustice of such a nature that the appellate court would be obliged to interfere.

The facts are stated in the opinion.
*Mr. Manuel F. Rossy* for appellant.
*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

From the transcript of the record herein it appears that the district *fiscal* for San Juan charged the accused, Antonio Martínez, an Insular policeman, with the crime of voluntary manslaughter, in that in a moment of passion he unlawfully killed Francisco Alvarado, a soldier in the Porto Rico regiment.

The defendant having pleaded not guilty and his trial having been had before a jury, a verdict of guilty of involuntary manslaughter was found thereby. He moved for a new trial and the court overruled his motion and sentenced him to three years in the penitentiary at hard labor. From the order denying the motion for a new trial and from the judgment of the trial court this appeal was taken.

We have examined the information, the instructions of the court to the jury, the verdict, the order denying the motion for a new trial, and the judgment, and we find no fundamental error whatever therein. It does not appear that any exceptions were taken by the defendant during the trial, and the only ground alleged in support of the motion for a new trial in the district court and in support of the appeal at the hearing before this court, was that the jury had erred in its consideration of the evidence, because it appearing therefrom that the homicide was excusable, the jury nevertheless found the defendant guilty.

All the evidence introduced at the trial is before us, included in a statement of the case approved by the trial judge, and from an examination thereof it appears that there are two contradictory statements in respect to the manner in which the act was done because, while the evidence for the prosecution tends to show that the accused, the policeman Martínez, fired his weapon without any just cause at the soldier, Alvarado, and caused his death, the evidence for the defense tends to show that the accused went to the place where the incident occurred in compliance with his duty as a policeman; that he was first assaulted and after he was wounded and upon the ground, and while he was still being attacked, he fired his revolver and killed Alvarado.

The jury, which heard the testimony of the witnesses testifying before it and received from the court the proper instructions, decided the conflict by finding the defendant guilty of the crime of involuntary manslaughter.

And it not having been shown that the jury was actuated by passion, prejudice, or partiality, or that it committed an injustice which, in furtherance of justice and in the exercise of the powers granted this court and in compliance with the duties imposed upon it by law in changing it into a court of appeals, approved March 12, 1903 (Laws of P. R., 1903, p. 58), the verdict of the jury will not be anulled, nor will the judgment therefore be reversed.

The appeal must be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.